Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1790 | **DATE** | 1/3/2001 |
| **CASE TITLE** | Threlkeld vs. White Castle, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum opinion and Order denying defendant, Jackson Park Hospital's motion to dismiss count VI of the second amended complaint (41-1). Final pretrial order to be field by 3/2/01. Response to any motions in limine due by 3/16/01. Pretrial conference set for 4/13/01 at 4:30 p.m. Trial set for 5/7/01 at 9:30 a.m. Status hearing set for 1/12/01 is vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN - 3 2001 date docketed | 57 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/3/2001 date mailed notice | |
| MPJ | courtroom deputy's initials | 01 JAN -3 PM 3:30 Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBORAH A. THRELKELD, )
 )
       Plaintiff, )
 )
v. ) No. 99 C 1790
 )
WHITE CASTLE SYSTEMS, INC., an )
Illinois corporation, ANDRE )
TILLMAN, SILK WILLIAMS, RAMONA )
WILSON, ALPHONSO BELLO, M.D., )
and JACKSON PARK HOSPITAL, )
 )
       Defendants. )

**DOCKETED**

**JAN - 3 2001**

## MEMORANDUM OPINION AND ORDER

This case concerns whether a doctor and hospital can be sued for restraining and sedating a patient against her will when she did not present a danger to herself or others. I find that the plaintiff has stated a claim for malpractice based on violations of the Illinois Mental Health and Developmental Disabilities Code. The defendant's motion to dismiss is denied.

I.

Deborah Threlkeld attempted to enter a White Castle restaurant in Chicago, Illinois on June 13, 1998. For unknown reasons, she was stopped and restrained by Andre Tillman, a security guard, as she tried to go through the door. Mr. Tillman called the police and Officers Wilson and Williams of the Chicago Police (the "officers") responded to the call. Relying on statements by Tillman, the substance of which is unknown, the officers pushed Ms.

Threlkeld onto a table, forced her to her knees, handcuffed and arrested her. Ms. Threlkeld sued Tillman for assault and battery and the officers for false arrest under 42 U.S.C. § 1983.

After arresting her, the officers took Ms. Threlkeld to Jackson Park Hospital (the "Hospital") against her will. They told staff at the Hospital that Ms. Threlkeld was in need of psychiatric or psychological treatment. Unsurprisingly, Ms. Threlkeld was upset and crying when she arrived. Hospital employees locked her into an observation room in the psychiatric side of the emergency room and tied her to a bed with restraints.

Dr. Alfonso Bello, a doctor on call in the emergency room on the night of June 13 to 14, 1998, observed Ms. Threlkeld after she had been locked in the observation room. Dr. Bello never talked to the police, and was told by a nurse only that Ms. Threlkeld was brought to the Hospital because she was "very uncooperative with the policemen" when they arrested her. Dr. Bello testified that Ms. Threlkeld was "upset" and "crying" and did not want to talk to him when he first saw her, but that he did not think that she was a danger to herself or to others. Nonetheless, Dr. Bello ordered a nurse to give Ms. Threlkeld a shot of Ativan, a sedative, "to calm her down" so that he could talk to her. Dr. Bello never informed Ms. Threlkeld that a sedative had been ordered, and never obtained her consent to give her any kind of medication.

Ms. Threlkeld claims that she was restrained and medicated against her will. She amended her complaint to add Count VI, a claim against Dr. Bello and the Hospital for medical malpractice and violation of the Illinois Mental Health and Developmental Disabilities Code, 405 ILCS 5/1-100 *et seq.* (the "Mental Health Code"). Jackson Park Hospital now moves to dismiss Count VI of Ms. Threlkeld's Second Amended Complaint, concerning the incident at the Hospital, for failure to state a claim under the Mental Health Code and failure to file an affidavit under 735 ILCS 5/2-622. I deny the Hospital's motion.

II.

On a motion to dismiss, I accept all well-pleaded factual allegations of the plaintiff and draw all reasonable inferences in favor of the plaintiff. *See Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996). Dismissal is only appropriate if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief. *See id.*

A.

Ms. Threlkeld sued the Hospital and Dr. Bello for medical malpractice based on violations of §§ 102 and 107(a) of the Mental Health Code. The Hospital moves to dismiss the malpractice claim, arguing that there is no private right of action under the Mental Health Code. This is quite irrelevant. Ms. Threlkeld does not argue that she has a private right of action under the Code, but

rather that the Hospital's and Dr. Bello's violations of the Mental Health Code give rise to a cause of action for negligence. Even where a statute does not create an express or implied right of action, it may establish a standard of care such that a plaintiff can make a prima facie case for negligence based on a violation of the statute. *See Cuyler v. United States*, 37 F. Supp. 2d 1099, 1103 (N.D. Ill. 1999) (Marovich, J.) ("[S]tatutes and ordinances designed to protect human life or property establish the standard of conduct required of a reasonable person. In other words, they fix the measure of legal duty.") (quoting *Noyola v. Board of Educ.*, 688 N.E.2d 656, 661 (Ill. 1997))). In order to make a case for negligence based on the violation of a statute, the plaintiff must show that: (1) the statute is a "public health" statute, designed to protect human life or property; (2) the plaintiff is within the class of people who are protected by the statute; and (3) the plaintiff's injuries are the kind against which the statute was intended to protect. *See Jones v. Federal Home Loan Mortgage Corp.*, No. 97 C 5448, 2000 WL 335738, at *3 (N.D. Ill. Jan. 3, 2000) (Manning, J.). If the plaintiff shows a violation of a public safety statute, she may recover if the violation of the statute proximately caused her injuries. *See id.* Proximate cause is a question of fact, and I take Ms. Threlkeld's allegations of fact as true for the purposes of this motion.

The Mental Health Code is a comprehensive public safety statute. To ascertain legislative intent, I look to the statute itself as the best indication of the drafters' intent. *See United States v. Bank of Farmington*, 166 F.3d 853, 860 (7th Cir. 1999). The specific sections of the Mental Health Code invoked by Ms. Threlkeld clearly show that the drafters intended to protect individual patients and the public at large from patients who are a danger to themselves or others. They also intended to protect mental health patients from unwanted treatment in situations where the patient does not present any particular risk of harm. Sections 5/2-102 and 2-107 establish procedural safeguards to insure that mentally ill or developmentally disabled people are given "adequate and humane services in the least restrictive environment" and to permit them to refuse services unless they present a "serious and imminent [threat of] physical harm to [themselves] or others." 405 ILCS 5/2-102, 2-107(a). Section 2-102 provides additional safeguards for the administration of psychotropic drugs, and requires that the treating physician advise the patient of any potential side effects and of the patient's right to refuse. Sections 2-102 and 2-107 are public safety statutes insofar as they protect the public and recipients of mental health services from physical and other harm.

Ms. Threlkeld is within the class of people intended to be protected by the statute. When she was taken to the Hospital and treated by Dr. Bello in the psychiatric side of the emergency room,

-5-

she became a "recipient of services" entitled to refuse medication and care under §§ 2-102 and 2-107(a) of the Mental Health Code. The Hospital argues that Ms. Threlkeld cannot make out a cause of action based on §§ 2-102 and 2-107(a) because she was never actually *admitted* to the Hospital.[1] Neither of these sections actually requires that the patient be admitted, only that she be a "recipient of services," which Ms. Threlkeld clearly was, so the Hospital's argument fails.[2]

Ms. Threlkeld's injury is also the kind of injury intended to be prevented by the Code: she was forcibly injected with a sedative against her will, although she was not, by Dr. Bello's own admission, a danger to herself or others, and she was physically and mentally injured by the Hospital's failure to abide by the standards established in the Code. Ms. Threlkeld can therefore make a prima facie case for negligence based on a violation of the Mental Health Code.

Ms. Threlkeld has alleged violations of two different sections of the Code, §§ 2-102 and 2-107.[3] First, she says that she was

---

[1] The Hospital also argues that she can not pursue a claim under § 2-110 unless she was admitted. This is irrelevant, however, because Ms. Threlkeld does not allege a violation of § 2-110 (electro-convulsion therapy).

[2] In addition, the argument was first raised in the Hospital's reply memorandum, and does not respond to an argument in Ms. Threlkeld's response, so it is improper. *See Marie O. v. Edgar*, 131 F.3d 610, 614 n.7 (7th Cir. 1997).

[3] Ms. Threlkeld also alleges that she was restrained against her will in violation of 405 ILCS 5/1-119. Section 1-119 defines a "person subject to involuntary admission," but does not proscribe

physically restrained and injected with Ativan against her will. Dr. Bello said that Ativan was not a psychotropic drug, just a sedative. But psychotropic medication is "medication whose use for antipsychotic, antidepressant, antimanic, antianxiety, *behavioral modification or behavioral management purposes* is listed in AMA Drug Evaluations, latest edition, or Physician's Desk Reference, latest edition, *or which are administered for any of these purposes.*" 405 ILCS 5/1-121.1 (emphasis added). Dr. Bello stated that he ordered the shot of Ativan to "calm [Ms. Threlkeld] down" so that she would talk to him, and that half an hour after she was injected, Ms. Threlkeld was "quiet," "calm" and "cooperative." Here Ativan *was* a psychotropic drug within the meaning of the Code because it was used to alter Ms. Threlkeld's behavior. Ms. Threlkeld alleges that Dr. Bello did not advise her of the side effects of Ativan or her right to refuse treatment, so she has stated a claim based on a violation of section 2-102 of the Code.

Ms. Threlkeld also says that she was treated against her will, and that she was not a danger to herself or others such that emergency treatment was necessary. Unless there is a medial determination that treatment is "necessary to prevent the recipient from causing serious and imminent physical harm to [her]self or others," a refusal by the patient must be honored. 405 ILCS 5/2-107(a). Dr. Bello admits that he did not find Ms. Threlkeld to be a danger to herself or others,

---

any specific conduct, so no violation of this section is possible.

only to be "crying" and "upset." Viewing the facts in a light most favorable to her, as I must for the purposes of this motion, I must conclude that she refused treatment and that her refusal was not honored. She has made out a violation of section 107(a).[4]

Even without regard to the specific violations of the Mental Health Code, Ms. Threlkeld has alleged facts sufficient to support a claim for battery as well. It does not matter that she has not specifically alleged battery, because a "plaintiff is . . . entitled . . . to a judgment that grants [her] the relief to which [s]he is entitled even if the complaint failed to ask for that relief." *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995). Under Illinois medical malpractice law, cases where patients claim a total lack of consent to a procedure "are treated as batteries because they involve an intentional unauthorized touching of the person of another." *Lojuk v. Quandt*, 706 F.2d 1456, 1460 (7th Cir. 1983). Ms. Threlkeld says that she was given Ativan against her will and argues that Dr. Bello did not obtain her consent. Taking her allegations that she was treated against her will and without her consent as true, she has stated a claim for battery that survives a motion to dismiss.

---

[4] Based on the allegations in Ms. Threlkeld's Second Amended Complaint, several other sections of the Mental Health Code could be implicated. See 405 ILCS 5/2-108 (use of restraint is proper only where patient presents risk of physical harm to self or others); 405 ILCS 5/2-109 (seclusion is proper only where patient presents risk of physical harm to self or others and is not to be used for convenience of staff).

B.

The Hospital also moves to dismiss Count VI based on Ms. Threlkeld's failure to file an affidavit under 735 ILCS 5/2-622. In order to weed out frivolous lawsuits, section 2-622 requires the plaintiff to file an affidavit swearing that she has consulted with a licensed physician who has determined that there is a "reasonable and meritorious" basis for the lawsuit.

This action was filed in federal court and federal rules of pleading apply. *See Johnson v. Hondo, Inc.*, 125 F.3d 408, 417 (7th Cir. 1997). Under federal notice pleading, a complaint need "indicate the nature of the plaintiff's claim with only enough specificity to enable the parties to determine the preclusive effect of a judgment disposing of the claim ('a short and plain statement of the claim showing that the pleader is entitled to relief,' Rule 8(a)(2))." *American Nurses' Assn. v. Illinois*, 783 F.2d 716, 723 (7th Cir. 1986). Ms. Threlkeld's pleadings satisfy this requirement. In any event, I will not dismiss a state claim made in federal court for failure to comply with a state pleading rule. *See Obermeyer v. Pedicini*, No. 99 C 2440, 2000 WL 290444, at *4 (N.D. Ill. Mar. 17, 1990) (Coar, J.).

The Seventh Circuit recently considered the Illinois rules regarding dismissal of a complaint for failure to file a § 2-622 affidavit. *See Sherrod v. Lingle*, 223 F.3d 605, 613-14 (7th Cir. 2000). In that case, the plaintiff had filed affidavits under section 2-622, but the district court had dismissed two of his malpractice

-9-

claims because it found the affidavits to be inadequate. *See id.* at 614. The Seventh Circuit held that the dismissal was an abuse of discretion, but it never reached the question of whether the affidavits were even required under federal pleading rules. *See id.*

Even if I were to apply the state rule, it would be satisfied. The purpose of the affidavit is to demonstrate to the court that the plaintiff's case has merit, which the Hospital does not dispute. Illinois courts have held that "the technical requirements of § 2-622 should not interfere with its spirit or purpose." *Ebbing v. Prentice*, 587 N.E.2d 1115, 1117 (Ill. App. Ct. 1992). Ms. Threlkeld has stated a claim for negligence and battery against the Hospital, and her case is not frivolous, so an affidavit would not be necessary for that purpose. Be that as it may, I will not dismiss the federal complaint for failure to comply with a technicality of state pleading. The Hospital's motion is DENIED.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: January 3, 2001

Copies have been mailed to:

David J. DeJong
David J. DeJong & Assoc.
205 N. Michigan Avenue, #4211
Chicago, IL 60601

Attorney for Plaintiff

Martin P. Greene
Greene & Letts
30 N. LaSalle Street, #1520
Chicago, IL 60602

Yvonne S. LaGrone
Asst. Corporation Counsel
30 N. LaSalle Street, #900
Chicago, IL 60602

Rebecca Zavett
Seyfarth Shaw
55 E. Monroe Street, #4200
Chicago, IL 60603

Attorneys for Defendants