Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1790 | **DATE** | 1/16/2002 |
| **CASE TITLE** | Threlkeld vs. White Castle, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The court has jurisdiction to decide defendant Jackson Park Hospital's motion to adjudicate the deposition fee of plaintiff's treating psychologist. Defendant's motion is referred to Magistrate Judge Denlow to determine whether a contract existed and for what amount. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 12 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 17 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 130 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/16/2002 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | FILED-FD3 02 JAN 16 PM 5:18 Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBORAH A. THRELKELD,             )
                                  )
                Plaintiff,        )
                                  )
          v.                      )   No. 99 C 1790
                                  )
WHITE CASTLE SYSTEMS, INC., an    )
Illinois corporation, ANDRE       )
TILLMAN, SILK WILLIAMS, RAMONA    )
WILSON, ALPHONSO BELLO, M.D.,     )
and JACKSON PARK HOSPITAL,        )
                                  )
                Defendants.       )

DOCKETED
JAN 17 2002

## MEMORANDUM OPINION AND ORDER

Defendant Jackson Park Hospital ("the Hospital") seeks an adjudication of the deposition fee of plaintiff's treating psychologist, Dr. Ariel Kerman. Dr. Kerman seeks $2,500, but the Hospital argues that it is not required to pay more than the $44 in statutory witness fees that Dr. Kerman has already received and to which she is entitled under 28 U.S.C. § 1821. In response, Ms. Threlkeld argues that the Hospital agreed to pay Dr. Kerman her regular rate for all of her time, and that I lack jurisdiction over this fee dispute because it is a state contract action unrelated to this case.

"[A]bsent explicit statutory authority or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J.T.*

130

*Gibbons, Inc.*, 482 U.S. 437, 445 (1987).[1] Ms. Threlkeld asks me to read *Crawford* to deprive federal courts of jurisdiction over fee disputes where contracts to exceed the statutory maximum are involved. However, *Crawford* involved only the limit to relief under § 1821 in the absence of an agreement, not the jurisdiction of federal courts over witness fees. Ms. Threlkeld also cites *United States v. Silva*, 140 F.3d 1098 (7th Cir. 1998), to show that I lack jurisdiction. *Silva* arose under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. The Seventh Circuit held that a state law suit to recover expert witness fees violated the CJA's explicit prohibition of "request[ing] or accept[ing] any payment or promise of payment for representing a defendant" other than what is awarded by the court, *id.* at 1103, but the court expressly declined to decide the issue of whether a state action would be appropriate in a case that involved expert services retained without prior court approval and without reference to the CJA, *id.* at 1102 n.8. Even if I read *Silva* to imply that there is a state law cause of action in cases arising outside of the context of the CJA, it speaks only to the basis for the cause of action and not to my jurisdiction to resolve the dispute.

---

[1] If there was no agreement, I clearly have jurisdiction under § 1821 to award witness fees. *See Demar v. United States*, 199 F.R.D. 617, 620 (N.D. Ill. 2001) (holding that, unless there is a contract to the contrary, treating physicians are only entitled to the fees allowed by § 1821).

2

Ancillary jurisdiction, a concept incorporated along with pendent jurisdiction into "supplemental jurisdiction" under 28 U.S.C. § 1367, means that I have "jurisdiction of a case or controversy in its entirety, and, as an incident to the disposition of the matter properly before [me, I] may decide other matters raised by the case of which [I] could not take cognizance were they independently presented." 13 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3523 (1984 & 2001 Supp.). I could find no case directly addressing my jurisdiction to consider a witness fee dispute between a party's attorney and a nonparty witness, but several courts have approved supplemental or ancillary jurisdiction over attorney's fee disputes. *See Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299-1300 (7th Cir. 1995) (citing cases). The *Baer* court held that, in a Title VII case where the statute vested the district court with "broad authority" to award attorney's fees to the prevailing party and the court had "exercised affirmative control over the disputed fee" by approving a negotiated settlement, ancillary jurisdiction was proper. It distinguished *Taylor v. Kelsey*, 666 F.2d 53 (4th Cir. 1981), an environmental tort case in which the court declined to exercise ancillary jurisdiction because

> [t]he fee dispute did not arise as a matter of necessity from anything which occurred in the proceedings of the [federal] litigation, nor did the district court have control over the fee in the sense that the court was required to establish and distribute a fee. Instead, the controversy arose purely from a private contract dispute between two Virginia residents.

3

*Id.* at 54. Like the attorney's fees in *Baer*, the fee at issue in this case is authorized by a federal law, but, like *Taylor*, the dispute over the fee did not "arise as a matter of necessity" out of the proceedings of this case. Nor does § 1821 require me to determine the amount of the fee; the award of the fee under § 1821 is ministerial, unlike the often baroque petitions for attorney's fees filed in civil rights cases. But the Supreme Court contemplated agreements in excess of the statutory maximum in *Crawford Fitting Co.*, 482 U.S. at 445. Although this is a close question, I am persuaded that, because a federal statute authorizes me to enforce witness fees (§ 1821 says that witness "shall be paid"), this is not "purely a private contract dispute," and therefore ancillary or supplemental jurisdiction over the witness fee dispute is appropriate.

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: January 16, 2002